[No. 13999. In Bank. — September 24, 1891.]

## THE SCHALLERT–GANAHL LUMBER COMPANY ET AL., APPELLANTS, *v.* JUANA A. NEAL ET AL., RESPONDENTS.

MECHANIC'S LIEN — PAYMENT BY CONTRACTOR TO MATERIAL-MEN — APPLICATION OF PAYMENTS — UNAUTHORIZED USE OF RECEIPT. — Money paid by a contractor to material-men, and applied by them on account of another building contract, and other accounts due them from the contractor, not connected with the building contract in question, cannot be applied by the owner of the building to reduce the claim of lien of the material-men, notwithstanding the fact that the contractor used the receipt from the material-men in obtaining a credit on the building contract, and in inducing the owner of the building to advance further money, if the application of the payment to the present building contract was repudiated by the material-men, who settled with the contractor, without his claiming the benefit thereof, and the inducing of further money from the owner by the unauthorized use of the receipt by the contractor was without the knowledge or consent of the material-men.

ID. — FORFEITURE OF LIEN — WILLFULLY FALSE NOTICE OR CLAIMS OF LIEN — CONSTRUCTION OF CODE — PENAL STATUTE — EVIDENCE. — Section 1202 of the Code of Civil Procedure, which provides that any person who shall willfully give a false notice of his claim to the owner under the provisions of section 1184, or who shall willfully include in his claim filed under section 1187 work or materials not performed upon or furnished for the property described in the claim, shall forfeit his lien, is penal in its character, and not only must be strictly construed, but the evidence under which it is invoked should be clear and convincing that the violation was willful and intentional.

ID. — NOTICE OF LIEN. — The notice of claim referred to in section 1202 of the Code of Civil Procedure, which when willfully false is ground for a forfeiture, is not the notice of lien required to be filed by the claimant.

ID. — GROUNDS OF FORFEITURE — INSUFFICIENT STATEMENT — MOTION FOR NONSUIT. — A motion for a nonsuit of a claimant's suit to enforce a lien upon the ground that "he knowingly and willfully filed a notice of lien

for more than he was entitled to, and sought in the action to recover an amount in excess of the amount actually due," does not state any grounds of forfeiture specified by section 1202 of the code.

APPEALS from judgments of the Superior Court of Los Angeles County, and from orders denying a new trial.

The facts are stated in the opinion of the court.

*Barclay, Wilson & Carpenter,* for Appellants.

*J. W. Mitchell,* and *Gibbon & Creighton,* for Respondent Neal.

GAROUTTE, J. — This is an action to enforce two certain mechanics' liens, the Schallert-Ganahl Lumber Company claiming $672.21 for materials furnished the contractor, defendant Goetzman, the building being owned by the defendant Neal. The said plaintiff recovered judgment against defendant Neal for the amount claimed, less $525, and also recovered a judgment for an attorney's fee of $50.

The plaintiff the Los Angeles Planing Mill Company brought its action for $982, and at the trial, upon the conclusion of its evidence, defendants moved for judgment of nonsuit against it, upon the ground that " it appeared from the evidence that it had willfully and knowingly filed a notice of lien for more than it was entitled to, and sought in this action to recover by foreclosure proceedings against said defendants an amount in excess of the amount actually due." The motion was granted, and both plaintiffs appeal from the respective judgments and orders denying them a new trial.

The ninth finding of the court is: " That on or about the thirtieth day of November, 1887, the said H. J. Goetzman delivered to John L. Hickman a check drawn by R. T. Royal in favor of H. J. Goetzman, who was then constructing a house for said Royal, and received from said Hickman a receipt for said check; that at the time of receiving said check, said Goetzman requested from said Hickman, as the agent of plaintiff, that the same be applied

on the Royal contract; that said Hickman at said time declined to apply the same to the Royal contract, except for the sum of $385 and some odd cents, the amount then due plaintiff for the materials furnished on said Royal contract, and stated to said Goetzman that the balance would be applied to the account of plaintiff with said Goetzman on other accounts then due, not including the Neal contract; that afterwards, on the same day, and before said Hickman had returned to plaintiff's office, said Goetzman went to the book-keeper of plaintiff, and stated to him that he paid said Hickman $525, and requested a receipt therefor on account of the Neal job, at the same time producing the receipt given by Hickman for said check; that said book-keeper, in ignorance of the facts, and relying upon the statements of said Goetzman, gave said Goetzman a receipt for $525 on the Neal job; that upon discovery of the facts, plaintiff promptly repudiated said application by Goetzman, and said Goetzman thereafter approved said bill for the amount then due, to wit, $627.51, without claiming a credit of said $525 thereon. Said sum of $525 was applied by plaintiff as follows, to wit, $385 on the Royal account, being the amounts then due, and the balance to the other accounts of plaintiff against Goetzman, not including the Neal job. That said Goetzman thereafter produced said receipt to Telfair Creighton, the agent of said defendant Juana A. Neal, representing to him that he had paid that amount on the Neal contract for the purpose of inducing said Creighton, as the agent of said Neal, to advance further money on said Neal contract; that plaintiff had no knowledge of the use to which Goetzman had applied said receipt." A portion of the tenth finding reads: "That by reason of the production by said Goetzman of said receipt for five hundred and twenty-five ($525) dollars, said Creighton, as the agent of Juana A. Neal, advanced further money to said Goetzman." As a conclusion of law the court found "that the defendant Juana A. Neal is entitled to have the sum of $525, being the amount of the receipt afore-

said, deducted from plaintiff's said claim of $672.51." This conclusion of law is clearly erroneous. How the defendant can be entitled to a credit of $525 upon this demand by reason of the facts found, we entirely fail to comprehend, and respondents' counsel have given us no additional light upon this legal proposition in their printed argument. If by reason of the presentation of this unauthorized and repudiated receipt to defendant, she had been misled, and thereby paid the contractor, or other creditors, more money than the amount of her indebtedness to the contractor, such fact might create a sufficient prop to support an argument favorable to her claims in this action, but the court found that by reason of the production of said receipt by Goetzman, said defendant advanced "further money" to said Goetzman. The words "further money," as to amount, are vague and indefinite; *non constat* but she still had large amounts in her hands applicable to the payment of plaintiff's claim, when this action was commenced.

The section of the Code of Civil Procedure under which the plaintiff the Los Angeles Planing Mill Company was nonsuited provides:—

"Sec. 1202. Any person who shall willfully give a false notice of his claim to the owner under the provisions of section 1184 shall forfeit his lien." And again: "Any person who shall willfully include in his claim, filed under section 1187, work or materials not performed upon or furnished for the property described in the claim, shall forfeit his lien." The foregoing section contains other matters not involved in this question. This section of the statute provides that the claimant shall forfeit his lien *in toto* for a violation of its provisions; it is penal in its character, and not only must be strictly construed, but the evidence under which it is invoked should be clear and convincing that the violation was willful and intentional.

Upon a comparison of the provisions quoted above with the grounds upon which the motion for a nonsuit was made, we find no similarity. The grounds upon

which the motion was made for a nonsuit, which was practically to ask that the lien be declared forfeited, are not grounds specified in section 1202 of the code, and we have been referred to no provision authorizing the forfeiture of a claimant's lien upon the grounds relied upon, to wit: That "he knowingly and willfully filed a notice of lien for more than he was entitled to, and sought in the action to recover an amount in excess of the amount actually due." The notice referred to in this section is not the notice of lien required to be filed, and the allegation and proof that the plaintiff is seeking in this action to recover an amount in excess of the amount actually due is not satisfied by the provision of the code "that any person who shall willfully include in his claim materials not furnished for the property described in the claim shall forfeit his lien."

For the foregoing reasons, we find it unnecessary to enter into an examination of the evidence as to the good or bad faith of the plaintiff in making these charges upon which a lien is sought.

The judgment and order denying a new trial as to both plaintiffs is reversed, and as to the plaintiff the Schallert-Ganahl Lumber Company, it is ordered that the trial court enter judgment for the amount prayed for in its complaint, an attorney's fee of fifty dollars as heretofore allowed, and costs of suit; as to the plaintiff the Los Angeles Planing Mill Company, the cause is remanded for a new trial.

HARRISON, J., PATERSON, J., SHARPSTEIN, J., DE HAVEN, J., and McFARLAND, J., concurred.