## PETERSEN v. SHAIN et al.

### (MOOSER v. PETERSEN et al.)

### No. 14,613; August 16, 1893.

#### 33 Pac. 1086.

**Mechanics' Liens.**—In Consolidated Actions to Establish mechanics' liens by P., a subcontractor, against the contractor and owner, and by M., a materialman, against P. and such contractor and owner, the complaints both alleged that P. was the subcontractor and performed the work, and that M. furnished the materials to P. These allegations were not denied. The court found that P. & Co., a copartnership, made and performed the subcontract; that M. furnished the materials; and that the contractor paid P. & Co., who in turn paid M. Held, that a judgment for defendants in the consolidated case was not erroneous, on the ground that such findings were contrary to the admissions of the pleadings, since the acceptance of payment by such firm implies P.'s consent, and must be considered as payment to him.

**Mechanics' Liens—Payment.**—It Appeared That the Contractor delivered to M. certain checks, payable to the order of P. & Co., to enable him to get his pay, and that they indorsed the checks to him, but the latter applied the money to payment of other indebtedness due him from such firm. Held, that a finding that M. was paid was proper, and not inconsistent with other findings.

APPEAL from Superior Court, City and County of San Francisco; Eugene R. Garber, Judge.

Two actions, consolidated: One by H. M. Petersen against E. R. Shain and one Drexler, to recover a personal judgment

against Shain,. as contractor, and to enforce a mechanic's lien for labor done and materials furnished by plaintiff as subcontractor in the construction of a building for Drexler; and the other by C. E. Mooser against H. M. Petersen, E. R. Shain and Drexler, to recover of defendant Petersen a sum claimed to be due for materials furnished, and to enforce a mechanic's lien against such building. From judgments in favor of defendants Shain and Drexler in the consolidated action, plaintiffs appeal. Affirmed.

William Rix for appellants; Vincent Neall for respondents.

VANCLIEF, C.—Action to recover money judgments, and to enforce mechanics' liens for labor done and materials furnished in constructing a brick building known as the "Drexler Building." The two actions were consolidated and tried together. Drexler was the owner of the building, Shain the original contractor, Petersen a subcontractor directly under Shain, and Mooser a subcontractor under Petersen. In the first action, Petersen seeks to recover a personal judgment against Shain for a balance of $561.70, alleged to be due the former on his subcontract with the latter, and also to enforce a lien therefor upon the building against the owner. In the second action, Mooser seeks to recover from Petersen the sum of $959.75, alleged to be due him on his subcontract with the latter, for materials furnished, and to enforce a lien therefor upon the same building. The defendants in the first action, Shain and Drexler, denied any indebtedness of the defendant Shain to the plaintiff, Petersen, and alleged full payment by Shain of all sums due Petersen on his subcontract, before Petersen filed his claim of lien. The court found the denial of Shain's indebtedness to Petersen, and the averment that such indebtedness had been fully paid, to be true, and gave judgment for defendants. In the second action (Mooser v. Petersen, Shain and Drexler), Petersen did not answer, but it does not appear that his default was entered. Shain and Drexler answered, denying all alleged indebtedness, and averring payment in full for all materials alleged to have been furnished by plaintiff to Petersen to be. used in the construction of said building. The court also found this answer to be true, and adjudged that the plaintiff, Mooser, "take nothing by this action as against the defendants Shain and Drex-

ler"; that plaintiff's claim of lien is void, and is set aside; and that said defendants recover their costs. Both plaintiffs, by a joint notice, appeal from the judgments in the consolidated action, "in favor of said defendants Shain and Drexler." But Mooser, the plaintiff in the second action, has not appealed from the judgment therein, so far as it is in favor of the defendant Petersen, to whom he furnished the materials, and against whom he prayed for a personal judgment; and no point is made here upon the failure of the court to render a personal judgment against Petersen upon his default. The appeals are upon the naked judgment-roll in the consolidated action, without any bill of exceptions. In both cases Drexler is sued as administrator of George H. Dana, as well as personally, but his character as administrator is immaterial for any purpose of this appeal.

Appellants' counsel contends that the findings are contrary to admissions of the pleadings, and, consequently, that the judgment is erroneous. It is true that it is alleged in both complaints that Petersen was the subcontractor under Shain, and performed the work, and that Mooser furnished the materials to Petersen at his request; and these allegations are not denied. The court found, however, that Petersen & Co. (a copartnership, composed of Petersen and his son) made and performed the subcontract, and that Mooser furnished the materials to Petersen & Co. The judgment, however, does not depend upon these findings, but rests solely upon the finding of payment to Petersen and Mooser. The court found that the total value of the labor and materials done and furnished under the subcontract, including the materials furnished by Mooser, was only $2,658.75. That Shain drew his checks on the Pacific Bank in favor of Petersen & Co. as follows: March 19, 1889, $400; March 23, $200; March 29, $500; April 20, $630; April 27, $60; June 8, $500; June 14, $500. That the last two checks, each for $500, were delivered by Shain to Mooser to enable him to obtain payment from Petersen & Co. for the materials furnished by him, and were indorsed to him by Petersen & Co., who credited the same to Shain on the subcontract, and that they were paid to Mooser by the bank. That the other five checks were paid to Petersen & Co., who credited them also to Shain on the subcontract. It is thus found that Shain paid to Petersen & Co. $2,790, with which sum he was credited on account of Petersen's subcontract,

which called for only $2,754.55. I think the payments, thus accepted and credited by Petersen & Co. as payments on Petersen's subcontract, should be considered as payments to Petersen on that contract, since such acceptance and credit implies Petersen's consent. Indeed, he expressly admits in his complaint that he had been paid $2,192.85, which necessarily included payment for a large portion of the materials furnished by Mooser. Can it be presumed that this payment of $2,192.85 was, in addition to the payment of $2,790 to Petersen & Co., by checks on the bank? If so, Shain had paid to Petersen and Petersen & Co. $4,982.85 on a contract which, according to the complaint, bound him to pay only $2,754.55, and, according to the finding of the court, only $2,658.75. The finding that nothing was due or owing from Shain to Petersen is at least a necessary inference from the other facts found and admitted. What was accepted and credited as payment by Petersen & Co. was necessarily so accepted and credited by Petersen.

The only point made on Mooser's appeal is founded on the eleventh finding, to the effect that, when Mooser drew the money on the two checks drawn by Shain and indorsed by Petersen & Co., he applied the money ($1,000) to the payment of a prior debt due him from Petersen, according to an agreement between him and Petersen made on May 1, 1889, thirty-nine days before the first of said checks was drawn and forty-six days prior to the date of the second check. As before stated, those checks were delivered to Mooser by Shain to enable him to obtain payment from Petersen & Co. for the materials furnished by him for the Drexler building. Shain, as the original contractor, was bound to clear the building of all liens for labor and materials done and furnished by his subcontractor, Petersen, and therefore was interested in having Petersen's subcontractor, Mooser, paid for all materials furnished by him. Under these circumstances, Shain, with the consent of Petersen, had a right to pay Mooser for the materials furnished by him, and to direct the application of the payment to that purpose; and the court found that Mooser was fully paid by the two checks. This ultimate fact, upon which the judgment in favor of the owner and original contractor rests, is not inconsistent with any other finding. Even the probative facts found tend to prove it. But the suf-

ficiency of the evidence to prove it cannot be questioned on this appeal upon the judgment-roll alone.

Counsel for appellants lays some stress upon the finding that, at the time the claims of liens were filed, there remained unpaid to Shain, the original contractor, $4,188 of the original contract price, and therefore the owner would suffer no injury by being compelled to satisfy the alleged liens of the plaintiffs. This, however, would be small comfort to Shain, the original contractor, who paid Mooser for the purpose of preventing his claim of lien, and thereby enabling himself to obtain from the owner full payment of the original contract price. The case of Schallert-Ganahl Lumber Co. v. Neal, 91 Cal. 362, 27 Pac. 743, is not in point for appellants. I think the judgment in each of these causes should be affirmed.

We concur: Temple, C.; Haynes, C.

PER CURIAM.—For the reasons expressed in the foregoing opinion the judgment in each of these causes is affirmed.