BANK OF COMMERCE *v.* LAWRENCE COUNTY BANK.

Opinion delivered October 1, 1906.

INSOLVENT CORPORATION—PREFERRED CLAIMS.—A creditor of a going corporation who advanced money to it to pay off the claims of its laborers is not entitled, upon its subsequent insolvency, to any preference by way of subrogation to the liens of laborers so discharged.

Appeal from Lawrence Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

STATEMENT BY THE COURT.

The Culver Lumber & Manufacturing Company, a corporation, was placed in the hands of a receiver by order of the chancery court of Lawrence County in a suit brought in that court by a stockholder, alleging, amongst other things, fraud and mismanagement of its affairs and insolvency, and asking for the sale and distribution of proceeds of its assets. The receiver took possession and administered the assets of the concern under orders of the court.

In course of the proceedings a master in chancery was appointed to pass upon and allow claims of creditors of the corporation, and he allowed the claim of appellee, Lawrence County

Bank, in the sum of $4,554.55, and made it a preferred claim. His report on that claim, which was confirmed by the court, is as follows: "I took the evidence of H. A. Culver and D. Sloan in regard to the claim of the Lawrence County Bank, and found from their evidence that the indebtedness was for acceptances given by the Culver Lumber & Manufacturing Company to the Lawrence County Bank, and were used by the said lumber company in paying the labor claims due the men for the manufacture of lumber, working in timber, etc. That by a former order of this court, made by the Hon. F. D. Fulkerson, the then acting chancellor, all claims for labor or debts arising therefrom, or debts incurred on this account were made preferred claims. The master, on account of this fund being used in the payment of labor claims just prior to the receivership, is of the opinion that it should be a preferred claim, and he hereby makes it one."

Appellant, whose claims as creditor were allowed without preference, appealed to this court from the decree of the chancellor making the claim of appellee preferred.

*Morris M. Cohn,* for appellants.

The mere fact that the money advanced by appellee went to pay laborers would give it no lien nor entitle it to be subrogated to the rights of the laborors. 71 Ark. 132; 10 Ark. 411; 27 Ark. 564. See, also, 64 Ark. 226.

*H. L. Ponder,* for appellee.

Under the facts, it was within the proper discretion of the chancellor to allow the preference, and such preference was just and equitable. Smith on Receiverships, § § 275, 278; 99 U. S. 235; 106 U. S. 286; 111 U. S. 776; 136 U. S. 89; 117 U. S. 439; 53 Fed. 182; 39 L. R. A. 625; 28 Am. & Eng. Enc. Law, 1120; 7 Fed. 379; 22 Fed. 472; 48 Fed. 189.

*Morris M. Cohn,* for appellee in reply.

The doctrine contended for by appellee has a very narrow application, peculiar only to railroads. 57 Ark. 334. The mere fact that payments have been made prior to a receivership, to help defray the expenses of a saw and planing mill, give no preference. 69 Ark. 23; 65 Ark. 183.

McCULLOCH, J., (after stating the facts.) The facts are undisputed. The Lawrence County Bank advanced money upon acceptances to the Culver Lumber & Manufacturing Company, while yet a going concern, which was used by the latter in paying off labor claims constituting liens upon lumber manufactured. The court decreed the debt to be a claim against the assets of the corporation with priority over the claims of other creditors. Was it proper to do so?

The indebtedness to appellee was created before the assets of the corporation passed into the hands of a receiver—how long before, it does not appear. It was no more nor less than a loan to the corporation, and, regardless of the use made of the money, created no higher grade of indebtedness than that of any other creditor of the concern. The statutes of this State give no lien for money so advanced; and, if it be conceded that enough is shown to have entitled the alleged claims of the laborers to priority as liens, by no stretch of equitable principles can appellee enjoy the right of subrogation because the funds so advanced were used in discharging laborers' liens. Being a voluntary loan of money, it affords no grounds for application of the equitable doctrine of subrogation.

If appellee's contention be sound, then all claims against corporations for advances of money used in necessary operating expenses would be preferred, and the payment of equally meritorious claims prior in point of time would be postponed—the last coming first and the first last. We are not unmindful of the doctrine enforced by many courts in suits against railroad corporations to foreclose mortgages securing payment of bonds where preference is given to claims for operating expenses recently incurred. *Fosdick* v. *Schall,* 99 U. S. 235. This doctrine, even as applied to suits to foreclose mortgages on railroad property, is not without its limitations (*Kneeland* v. *American Loan & Trust Co.,* 136 U. S. 89; *Thomas* v. *Western Car Co.,* 149 *Id.* 95); but it has no application to the facts of this case, and will not warrant the giving of preference to appellee's claim against the corporation for money loaned.

Reversed and remanded with directions to enter a decree not inconsistent with this opinion.