1222. WILLIAMS *et al. v.* WILLINGHAM-TIFT LUMBER COMPANY.

The evidence in this case did not demand a verdict finding a materialman's lien in favor of the plaintiff, and the court erred in so directing.

Foreclosure of lien, from city court of Atlanta—Judge Calhoun. April 22, 1908.

Argued July 17, 1908.—Decided February 9, 1909.

*J. D. Kilpatrick, J. E. & L. F. McClelland, H. A. Bancker,* for plaintiffs in error.

*Owens Johnson, H. L. Culberson,* contra.

HILL, C. J. This was a suit to foreclose a materialman's lien. At the conclusion of the evidence the court directed a verdict for the full amount, as a lien against the property described in the claim of lien. The bill of exceptions makes several assignments of error. We think none are meritorious except the assignment that the verdict directed was unauthorized by the evidence. The

534 WILLIAMS v. WILLINGHAM-TIFT LUMBER CO.   [5 Ga.

undisputed facts show the following case: The defendant Williams, as contractor, was employed by the defendants Reed and Farmer, to improve their property described in the claim of lien. The material used by Williams in the improvement of the property under the contract was bought by him from the plaintiff, Willingham-Tift Lumber Company. During the time that he was buying it he was carrying on four or five other contracts, for separate owners, and was buying from the plaintiff all the material for all these contracts. In the language of the plaintiff's treasurer: "We had accounts against Williams covering each and every individual transaction or job. When we would sell him material for any particular job, it was charged up to Williams for that particular job and that particular property. When any money was paid to us by Williams that I knew came from a particular job, I applied it to that job. If he did not tell us and I did not know from which job it came, I applied it to the oldest account against Williams. At the time Williams had the Reed and Farmer account with us, he had four or five other accounts. We had been doing business with him in this way for about a year before the Reed and Farmer transaction. I do not remember how much money was collected from Williams during the time plaintiff was furnishing to him the lumber to build the Reed and Farmer house." Williams, the contractor, testified, that before he began the building for Reed and Farmer, he had a running account with the plaintiff, amounting to four or five hundred dollars, and that this running account covered the material that went into numerous other buildings besides the Reed and Farmer building; that for the Reed and Farmer building he had purchased from the plaintiff about $346 worth of material; that Reed and Farmer had paid in full the amount under the contract, and that out of money received from Reed and Farmer he had paid to the plaintiff more than $200, and possibly as much as $300; that at the time this payment was made he did not inform the plaintiff from what source the money came, the payment being by his personal check, but that some time after the payment was made he told the plaintiff that Reed and Farmer had paid him this money, and he requested that it be applied as a credit on the Reed and Farmer bill, and then told the plaintiff that Reed and Farmer insisted that the money they had paid to him and which he had paid to it be applied by the

plaintiff to payment of the bills for material going into their building; that the plaintiff refused to comply with this request, stating that it was too late to do so, as the money had already been applied by it to the payment of bills for other lumber on other contracts. Williams further testified unequivocally that he had paid to the plaintiff from the money he got from Reed and Farmer a sufficient amount to pay in full for all the material he bought from the plaintiff that went into the Reed and Farmer building. The plaintiff admitted that in addition to the money paid by Williams, Reed and Farmer had paid to it directly, for the material bought for them by Williams, $205.

Under this evidence we do not think the plaintiff was entitled to a lien on the property of Reed and Farmer. The evidence showed that the plaintiff had been paid for all the material that it furnished Williams to be used in the improvement of the property of Reed and Farmer. If it neglected to give the proper credit the fault was not Reed and Farmer's, and the loss should not fall upon them. When a materialman is furnishing at the same time material to one contractor for the improvement of property belonging to different persons, and has full knowledge of the separate contracts, and money is paid to the materialman by the contractor from time to time on account of the material so furnished, it is incumbent upon the materialman to keep separate accounts and to find out from the contractor on what contract the money is paid, and to what account it should be applied. If he does not do so, but applies the money as a credit on a general account against the contractor, he thereby waives his right to a lien on the owner's property, and must look alone to the contractor. The lien-claimant is presumed to keep his lien in mind; and if he is to seek its enforcement, the law requires him to preserve its unity as a claim against the particular property. If he does not, but so mingles it with other claims as to necessitate a process of separation by the courts, it may well be held that he has waived his lien. With the state of accounts between the contractor and the materialman relating to materials furnished for other buildings than his own the owner has nothing to do. He has the right to have all the money that has been paid to the materialman on his account applied for his benefit, and not appropriated by the materialman to the payment of a general account against the contractor, in

which is included accounts for material furnished to the contractor for other persons. It is certainly no hardship against one who claims a lien on another's property that he should keep his accounts in such condition as to be able to make out his right to a lien consistently with the rights of the owner of the property on which he claims the lien. 2 Jones on Liens, §1324; *Green* v. *Farrar Lumber Co.*, 119 *Ga.* 30 (46 S. E. 62). It may be said that it is extremely difficult for a lumber merchant who furnishes materials for several houses, built by one contractor, to keep a separate account against each house; but there would be little difficulty if he made proper inquiry before the lumber was furnished. And even if there were difficulty, why should he be exempt at the expense of his neighbor? *Gorgas* v. *Warner*, 6 S. & R. (Pa.) 521.

The undisputed evidence in this case showing that the owners of the property on which the plaintiff claimed a lien had in fact paid the plaintiff, either by the contractor or directly, for all of the material used in the improvement of their property, and that the plaintiff had appropriated the money so paid, in whole or in part, to a general account against the contractor, which included debts for material furnished for the improvement of property of other persons, the plaintiff was not entitled to a lien against this property.

What is here held is not in conflict with the general rule of law that a creditor has the right, in the absence of direction by his debtor, to apply a payment on account to the oldest open item of the account. This is the rule as between the creditor and the debtor; but where the rights of third persons are involved, the law will make the credit according to principles of justice and equity. It will not permit the money of one man to be used in the payment of the debt of another man, or declare a lien on the property of the man who has paid in full for all the material furnished to improve his property, and thus relieve from a lien the property of the man who still owes for the material that was used to improve his property. Under the facts, the plaintiff had lost the right to a lien on the property of the defendants Reed and Farmer; and a verdict to the contrary should not have been directed.

The motion to dismiss the writ of error is without merit.

*Judgment reversed.*