## CHARLESTON.

### John S. Farr v. J. S. Weaver

Submitted October 4, 1921.　　　Decided October 11, 1921.

1. Notice—*Means of Knowledge, With Duty to Use, Equal Knowledge.*

   In equity means of knowledge with the duty of using them are equivalent to actual knowledge itself.　(p. 212).

2. Principal and Agent—*Third Party is Bound to Know Extent of Agents Authority and May Not Apply Principal's Property to Agent's Personal Indebtedness.*

   One dealing with an agent is bound to know the extent of his authority, and with notice of such agency one dealing with him will not be allowed to receive the money or property of the principal in payment of the agent's individual indebtedness, and in equity will be required to restore the same to the principal or make the application thereof as intended and directed by the principal.　(p. 213).

Appeal from Circuit Court, Cabell County.

Suit by John S. Farr against J. S. Weaver. Decree for plaintiff and defendant appeals.

　　　　　　　　　　*Reversed and bill dismissed.*

*J. H. Strickling,* for appellant.
*Marcum & Shepherd,* for appellee.

Miller, Judge:

We settled the principles applicable to this case in response to questions arising upon the pleadings and formerly certified to us by the circuit court.　84 W. Va. 182.

As shown by the report of that case the suit was to enforce a mechanic's or materialman's lien claimed by plaintiff against defendant's real estate situate in the city of Huntington, amounting as the present record shows to about $1200.00.

It is conceded that plaintiff furnished to Watts-Castle Construction Company, a co-partnership, contractors, who built the house on defendant's lot, the material covered by

plaintiff's alleged lien and that the contractors owed him therefor, but as shown in the former and present record, the defendant, on September 11, 1917, while the work of building the house was still in progress, executed to the construction company his note for $1200.00, on account of the labor and material which went into the building, and which note they turned over to the plaintiff, as plaintiff claims, on account of another debt represented by a past due note discounted by him at a bank in Huntington, in which he was a stockholder and director, and payment of which was then being demanded of the makers and endorser by the bank. And it is contended by plaintiff that the payees of the note made particular application thereof to the payment of their past due note.

On the former hearing we distinctly decided that if as pleaded by defendant the Watts-Castle Construction Company received from him the $1200.00 note in part payment for the work and material going into the construction of his house, and plaintiff had notice of such fact, neither he nor the contractors could lawfully make a different application thereof. The evidence taken and considered upon the hearing in the court below, and now before us, shows clearly that plaintiff knew and was bound to know that the note was Weaver's note given to the Watts-Castle Construction Company, and it is admitted that he knew from his books that he had furnished material to these contractors for the construction of the house on defendant's lot. The dray slips, so called, sent out by him with the draymen delivering the material so furnished, showed the time and place of delivery and the name of the owner of the lot. His books of account also indicated where or for whose job the materials were furnished, and as he admitted, it was from these slips and from his books that he afterwards took the items in making up his account and filing his lien against defendant's property. The fact of Farr's knowledge and notice of the source and purpose of the note, we think is fully established by the evidence, and such being the case it was his duty to make the proper application of the note to the discharge of his incipient lien then existing on Weaver's property, and not ap-

ply it or allow the contractors to apply it on the old debt and attempt to perpetuate the lien on defendant's property. As suggested in argument, the court below may have been misled by the notion that defendant was bound by the former decision to show actual notice to Farr of the maker's purpose when accepting the note from the contractors. But in equity means of knowledge with the duty of using them are equivalent to knowledge itself, and Farr could not shut his eyes to the facts in his possession, which if pursued would have fully informed him. See the many cases cited for this proposition in 10 Enc. Dig. Va. & W. Va. Rep. 486. That Farr had actual knowledge is evident from the fact that shortly after receiving Weaver's note he called him up on the telephone to ask him how he stood with the Watts-Castle Construction Company, and being told, he notified Weaver that he proposed to hold him and his property liable for all the material furnished them in the construction of his house. This he could not do without first applying the Weaver note *pro tanto* to his debt, as in law and equity he was bound to do. If this had been done, planitiff's lien would have been discharged in full, and he would have had no lien to enforce against Weaver's property.

Another proposition affirmed on the former hearing and become applicable to the case now presented, is that the Watts-Castle Construction Company were the agents of Weaver in the construction of the house on Weaver's lot, and they and Farr were charged with notice that an agent can not lawfully misapply his principal's money in payment of his individual debts. The evidence satisfies us that Farr had knowledge of the financial condition of the contractors and had taken time by the forelock in an effort to cover his probable losses. It was inequitable and unjust for him to have attempted to do so at the expense of Weaver with the knowledge of the facts or means of knowledge at his hands.

For the foregoing reasons we are of opinion to reverse the decree and dismiss the plaintiff's bill with costs to appellant incurred here and in the circuit court.

*Reversed and bill dismissed.*