41718. ATLANTA LIGHTING FIXTURE COMPANY, INC. v. PEACHTREE-SHERIDAN CORPORATION.

NICHOLS, Presiding Judge. 1. A judgment denying a summary judgment is not reviewable. Ga. L. 1959, pp. 234, 236 (*Code Ann.* § 110-1208). Therefore, the enumeration of error assigning as error the judgment of the trial court overruling the plaintiff's motion for summary judgment is not reviewable.

2. "When a materialman is furnishing at the same time material to one contractor for the improvement of property belonging to different persons, and has full knowledge of the separate contracts, and money is paid to the materialman by the contractor from time to time on account of the material so furnished, it is incumbent upon the materialman to keep separate accounts and to find out from the contractor on what contract the money is paid, and to what account it should be applied. If he does not do so, but applies the money as a credit on a general account against the contractor, he thereby waives his right to a lien on the owner's property, and must look alone to the contractor." *Williams v. Willingham-Tift Lumber Co.*, 5 Ga. App. 533, 535 (63 SE 584). See also *Grigsby v. Fleming*, 96 Ga. App. 664, 666 (101 SE2d 217).

3. Where, as in the present case, the seller of building materials furnished materials to a contractor for the improvement of various properties owned by different persons during the same period of time and kept one account (ledger) for such contractor, rather than separate accounts, and gave credit for payments on the total balance due on the one account rather than on the specific account specified by the contractor, he

waives his right to a lien on the owner's property and must look alone to the contractor.

(a) In this case as in *Grigsby v. Fleming*, 96 Ga. App. 664, supra, the contractor gave instructions as to which "job" credit should be given for payments made but such credit was not specified on the materialman's general account until after the contractor had financial difficulties. The judgment for the defendant was authorized by the evidence and the trial court did not err in overruling the plaintiff's motion for new trial based on the usual general grounds only.

*Judgment affirmed. Hall and Deen, JJ., concur.*

ARGUED JANUARY 6, 1966—DECIDED FEBRUARY 23, 1966—
REHEARING DENIED MARCH 14, 1966.

*George S. Stern, Sidney I. Rose,* for appellant.

*Parker & Parker, Melvin Pazol, A. Mims Wilkinson, Jr., Richard L. Parker,* for appellee.