## 47059. GOLSEN v. MAGBEE LUMBER COMPANY, INC.

HALL, Presiding Judge. The property owner appeals from a summary judgment giving a materialman's lien to the plaintiff supplier.

The owner's contentions concerning the perfection of the lien are without merit. The only issue is whether the supplier waived its right to the lien. Both parties have stipulated there is no dispute as to any material fact and the trial court determined the motions for summary judgment as a matter of law. (The denial of the owner's motion for summary judgment cannot be reviewed as

there is no certificate from the trial court.)

This is a typical case involving a bankrupt building contractor who has since departed the jurisdiction, leaving the owner with a half-built house and the supplier unpaid. The evidence shows that the contractor had several different jobs in progress simultaneously and that the supplier maintained separate ledger cards for the materials sent to each job. However, the supplier's president also testified on deposition that, with one exception, he credited the oldest account when he received a payment from the contractor rather than specifically allocating payments to a particular job. A man who worked as a superintendent for the contractor testified that the contractor instructed him to open a bank account in his own name to run the job which was this owner's house; that he deposited the periodic progress payments from the owner's lender into this account and paid other suppliers and laborers from it; that one day when all three men were together at the site, he wrote a check on this account for $2,500 at the contractor's direction and handed it to the supplier's president; and that he heard no conversation about how it was to be applied. The supplier's president also testified that he had not had any "special conversation" with them at that time. One other payment of $1,500 was also made to the supplier by the contractor, but there is no evidence showing the source of the funds from which it was made. The amount due for materials for this particular job was $5,377.09. The court gave judgment in this amount.

To the extent of the $2,500 payment, the supplier waived his lien by failing to inquire on what account it was to be applied and then crediting accordingly. "When a materialman is furnishing at the same time material to one contractor for the improvement of property belonging to different persons, and has full knowledge of the separate contracts, and money is paid to the materialman by the contractor from time to time on account of the material so furnished, it is incumbent upon the materialman to

keep separate accounts and to find out from the contractor on what contract the money is paid, and to what account it should be applied. If he does not do so, but applies the money as a credit on a general account against the contractor, he thereby waives his right to a lien on the owner's property, and must look alone to the contractor. The lien-claimant is presumed to keep his lien in mind; and if he is to seek its enforcement, the law requires him to preserve its unity as a claim against the particular property." *Williams v. Willingham-Tift Lumber Co.,* 5 Ga. App. 533, 535 (63 SE 584).

It is true that this case was apparently limited by this court in *Dye v. Turner Concrete Co.,* 119 Ga. App. 78 (166 SE2d 773). However, there the court found the *Willingham-Tift* rule inapplicable because "lacking here is the vital evidence that money paid by the *owners* to the contractor was misappropriated by the materialman to the account owed on another job." Hn. 3. That vital evidence is present here to the extent of $2,500. The court accordingly erred in granting summary judgment for the entire amount prayed for.

*Judgment reversed. Pannell and Quillian, JJ., concur. Pannell, J., also concurs specially.*

ARGUED APRIL 7, 1972—DECIDED APRIL 20, 1972.

*Rubin & Landey, Martin H. Rubin, Benjamin Landey,* for appellant.

*Katz, Paller & Land, Fred L. Cavalli,* for appellee.

PANNELL, Judge, concurring specially. I concur in the ruling made but feel that the failure to review the denial of the defendant's motion for summary judgment needs further explanation.

The property owner in the present case filed his notice of appeal from that portion of the trial judge's order granting a summary judgment giving a materialman's lien to the plaintiff materialman and also from that portion of the order denying the motion for summary judgment made by the

appellant defendant. While there was a *direct* appeal from the order denying appellant's motion for summary judgment, the appellant failed to secure a certificate for review. See *Moulder v. Steele,* 118 Ga. App. 87 (3) (162 SE2d 785). Both are necessary for its review on appeal. *Hood v. General Shoe Corp.,* 119 Ga. App. 649 (2) (168 SE2d 326); *Ga. Farm Bureau Mut. Ins. Co. v. Coleman,* 121 Ga. App. 510, 513 (174 SE2d 351). The appellant, in his oral argument, cited *Algernon Blair, Inc. v. National Surety Corp.,* 222 Ga. 672 (151 SE2d 724) as authority to the contrary. In that case the Supreme Court held: "The appellant is entitled to have every ruling considered under the Appellate Practice Act (Ga. L. 1965, p. 18; *Code Ann.* § 6-701) without regard to its appealability under the summary judgment law (Ga. L. 1959, pp. 234, 236; Ga. L. 1966, pp. 609, 662)." This case is no longer controlling authority since the changes made by Section 25 of the Act of 1967 (Ga. L. 1967, pp. 226, 238; *Code Ann.* § 81A-156 (h)), amending Section 56 (h) of the Civil Practice Act, Ga. L. 1966, pp. 609, 660; and the enactment of Section 1, Paragraph 4 of the Act of 1968 (Ga. L. 1968, pp. 1072, 1073; *Code Ann.* § 6-701). See *Campbell v. Carroll,* 121 Ga. App. 497, 501 (174 SE2d 375). The Court of Appeals cases cited above are based upon the law as changed by these enactments.