47960. SOUTHERN CONCRETE PRODUCTS
COMPANY v. CONSOLIDATED EQUITIES
CORPORATION et al.

EBERHARDT, Presiding Judge. The Southern Concrete Products Co. filed its complaint in two counts to foreclose materialman's liens against two properties owned by defendants PIC Realty Corporation and Consolidated Equities Corporation. It was alleged that plaintiff sold equipment, materials and supplies to defendants for the improvement of their properties through their contractor or subcontractor, Elmer J. Day.

The case came on for trial before the court without a jury and, at the close of plaintiff's evidence, the court granted defendant's motion for judgment (CPA § 41 (b); Code Ann. § 81A-141 (b)) on the grounds that Day, a plastering subcontractor, was buying materials from plaintiff for the two projects in question as well as for several others, and that plaintiff, under the ruling in *Williams v. Willingham-Tift Lumber Co.,* 5 Ga. App. 533 (63 SE 584), had waived its claims of lien by failing to separate the accounts for the various projects for which materials were being furnished. Plaintiff appeals. *Held:*

The evidence in this case shows that Day was a subcontractor of Leaf Development Co., which was the general contractor for the two apartment projects, known as "Beau Rivage" and "Alexandria"; that Day was indebted to plaintiff in the sum of $9,934.33 for materials supplied, and that plaintiff had obtained a prior judgment against Day in that amount; and that Leaf Development Co. owed Day $9,896.38 for work done on the projects, which is why Day could not pay

plaintiff for the materials. There was no evidence as to the status of accounts between defendant owners and Leaf.

Under the facts here, the rules set forth in the *Willingham-Tift* case, upon which the trial court relied, is not applicable. That holding "was limited to the evidence in that case which showed without dispute that the contractor paid to the materialman *from the money he got from the owner a sufficient amount to pay in full for all* the material he bought from the materialman that went into the owner's building, and that the materialman 'had appropriated the money so paid' to a general account against the contractor. Lacking here is the vital evidence that money paid by the *owners* to the contractor was misappropriated by the materialmen to the account owed on another job." (Original emphasis). *Dye v. Turner Concrete, Inc.,* 119 Ga. App. 78, 79 (166 SE2d 773). Accord: *Golsen v. Magbee Lumber Co.,* 126 Ga. App. 119 (190 SE2d 104).

Under the authority of *Dye* and *Golsen,* supra, the judgment of the trial court in defendants' favor at the close of the plaintiff's evidence must be reversed.

*Judgment reversed. Pannell and Stolz, JJ., concur.*

SUBMITTED MARCH 7, 1973 — DECIDED APRIL 3, 1973.

*Wilkinson, Nance & Wittner, A. Mims Wilkinson, Jr.,* for appellant.

*Sam Adams Dorsey,* for appellees.