49095. AIR CONDITIONING SPECIALISTS, INC. v. HARPER et al.

STOLZ, Judge.

The plaintiff, Air Conditioning Specialists, Inc.,

appeals from the denial of its motion for directed verdict after the close of the evidence. The case was submitted to the jury and resulted in verdict and judgment for the defendants.

The defendants, owners of certain real estate, contracted with J. B. Henderson for the construction of a house on the premises. Henderson contracted with the plaintiff company to install a heating and air conditioning system in the defendants' house. The defendants paid Henderson in full for the construction of the house. Henderson did not pay the plaintiff and subsequently, prior to plaintiff's being able to obtain a judgment against him, went bankrupt. The plaintiff filed its claim of lien on the property within the statutory period and in this action seeks to foreclose its claim of lien against the defendants' real estate.

Here, there is no conflict in the evidence with regard to any of the aforestated facts. There is conflict between the evidence of the president of the plaintiff company and that of the contractor, Mr. Henderson. The former testified that when Mr. Henderson owed him money, he would make up a bill, present it, and Mr. Henderson would pay on the bill by check, indicating thereon the job to which it applied. The latter testified that he had been doing business with the plaintiff for a "couple of [sic] three years" and that he had, over the years, paid him for the jobs. Mr. Henderson then went on to testify that he did not pay the plaintiff necessarily according to an invoice, that he would pay him $1,000 or $2,000 on the account, but that *he did not tell him on whose job the money was paid.* No business records were produced by either party to support or contradict any of this testimony. *Held:*

This case is controlled by *Atlanta Lighting Fixture Co. v. Peachtree-Sheridan Corp.,* 113 Ga. App. 313 (2) (147 SE2d 847). There, in a case factually most similar to the case before us, this court stated, "it is incumbent upon the materialman to keep separate accounts and to find out from the contractor on what contract the money is paid, and to what account it should be applied."

The testimony previously referred to, created a factual issue as to whether the plaintiff had met this

requirement. While there was ample evidence upon which the jury could have found for the plaintiff, it did not do so.

The trial judge was correct in denying the plaintiff's motion for a directed verdict.

*Judgment affirmed. Deen and Webb, JJ., concur.*

SUBMITTED FEBRUARY 12, 1974 — DECIDED
APRIL 5, 1974.

*Campbell & Campbell, W. K. Campbell,* for appellant.

*Charles D. Strickland,* for appellees.