41843. ARTISTIC ORNAMENTAL IRON COMPANY, INC. v. LONG et al.

ARGUED MARCH 9, 1966—DECIDED APRIL 5, 1966.

Hurt, Hill & Richardson, Robert L. Todd, Arnold W. Wright, for appellant.

John K. Train, III, Alston, Miller & Gaines, Hewitt H. Covington, Ronald L. Reid, for appellees.

JORDAN, Judge. This is an appeal from the judgment of the trial court granting the defendants' motion for a nonsuit in an action brought by the plaintiff corporation to foreclose a materialman's lien on property of the defendants. The evidence adduced on the trial of the case in behalf of the plaintiff disclosed that between January 22, 1964, and May 29, 1964, the contractor purchased materials in the amount of $4,110.84 from the plaintiff for use in improving the subject property; that the defendants purchased the property on June 12, 1964; and that the plaintiff's lien on the property was recorded on August 26, 1964.

The plaintiff's evidence further showed that on January 22, 1964, the contractor owed the plaintiff $11,849.54 for materials furnished for use in other jobs; that between January 22, 1964, and July 20, 1964, the contractor purchased materials in the amount of $10,544.35 (including the materials used on the subject property); and that payments in the amount of $10,608 were made to the plaintiff by the contractor including a payment of $4,500 on June 19, 1964, one week after the defendants had purchased the property. The evidence also showed without dispute that the plaintiff kept only one general running account with the contractor for all materials purchased by him and did not keep separate accounts for each construction job for which materials were furnished the contractor; that the plaintiff had always kept only one running account in the four years in which he had done business with the contractor and had always applied payments made to the old balance; that the plaintiff had never before filed a lien on any property on which materials furnished the contractor were used and had only filed the lien in question after the contractor had instituted bankruptcy proceedings; and that the plaintiff had previously allowed the contractor to owe it large amounts of money since "the banks said he was good."

1. "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." *Code* § 110-310. "Where the plaintiff fails to prove his case as laid, or while thus proving it establishes other undisputed facts which show that he is not entitled to a verdict, it is not error for the trial court, on motion, to award a nonsuit." *Padgett v. Collins*, 89 Ga. App. 769 (1) (81 SE2d 309); *Robertson v. Carroll Furniture Co.*, 54 Ga. App. 841 (189 SE 273).

2. Under the view which we take of this case, it is immaterial whether or not the plaintiff proved his case as laid since the undisputed facts demand a finding that the plaintiff had waived its lien on the subject property by failing to keep separate accounts on the contractor's work. As stated by this court in *Williams v. Willingham-Tift Lumber Co.*, 5 Ga. App.

533, 535 (63 SE 584): "When a materialman is furnishing at the same time material to one contractor for the improvement of property belonging to different persons, and has full knowledge of the separate contracts, and money is paid to the materialman by the contractor from time to time on account of the material so furnished, it is incumbent upon the materialman to keep separate accounts and to find out from the contractor on what contract the money is paid, and to what account it should be applied. If he does not do so, but applies the money as a credit on a general account against the contractor, he thereby waives his right to a lien on the owner's property, and must look alone to the contractor. The lien-claimant is presumed to keep his lien in mind; and if he is to seek its enforcement, the law requires him to preserve its unity as a claim against the particular property."

The evidence here is conclusive that the plaintiff materialman in the full course of its business with the contractor had kept only one general running account in reliance on the credit of the contractor and had not kept separate accounts on each job of the contractor as a materialman must do in order to preserve his lien-rights against the property improved. Under such circumstances, the materialman "must look alone to the contractor." *Williams v. Willingham-Tift Lumber Co.*, 5 Ga. App. 533, supra. The fact that the account kept by the plaintiff was keyed to invoice numbers from which the material furnished to each job could be segregated is not sufficient. *Grigsby v. Fleming*, 96 Ga. App. 664 (101 SE2d 217); *Atlanta Lighting Fixture Co. v. Peachtree-Sheridan Corp.*, 113 Ga. App. 313 (147 SE2d 847).

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*