### 42913. BUILDING MATERIAL SUPPLY COMPANY, INC. v. NORTH.

ARGUED JULY 5, 1967—DECIDED SEPTEMBER 5, 1967—
REHEARING DENIED SEPTEMBER 21, 1967—

*Haas, Holland, Freeman, Levison & Gibert, Robert H. Walling,* for appellant.

*Hansell, Post, Brandon & Dorsey, C. Edward Hansell,* for appellee.

FELTON, Chief Judge. The headnote indicates the facts upon which this case must be decided. The only point raised is whether the materialman waives his lien by not keeping separate accounts when he does not know that third parties own some or all of the improved properties rather than the contractor.

Whether the materialman has such knowledge is immaterial. A third party owner contracting solely with a contractor is not

a party to the contract between the materialman and the contractor and owes the materialman no duty to discover his identity and relationship to the contractor or others. He has a right to presume that the contractor will act fairly, squarely and legally and inform the materialman of the true ownership of the property being improved. If this were not the case an intolerable burden would be placed upon an owner other than the contractor where numerous materialmen are involved, to ascertain who they are and give them notice of the true ownership. This is not the primary reason for the rule but one additional to the fundamental proposition that the owner simply owes no duty to so inform one with whom he has no relationship by contract or otherwise and as to whose identity he may be ignorant.

This question arises by reason of the fact that, in stating the rule, the courts have included in it the fact that the materialmen had full knowledge of the ownership of the improved properties by third parties. This statement in the cases has no true significance. It just so happened in those cases that the materialman did have such knowledge, but the statement by the courts that such was the case does not mean that such knowledge was necessary for the rule to apply. See *Artistic Ornamental Iron Co. v. Long*, 113 Ga. App. 464, 465 (2) (148 SE2d 478) and cases cited. We think that there was an obligation on the contractor to inform the materialman of the true ownership of the property improved, but the earlier case on this question put the duty on the materialman himself to ascertain the truth. In *Williams v. Willingham-Tift Lumber Co.*, 5 Ga. App. 533 (63 SE 584), it was stated by the court, at page 536: "It may be said that it is extremely difficult for a lumber merchant who furnishes materials for several houses, built by one contractor, to keep a separate account against each house; *but there would be little difficulty if he made proper inquiry before the lumber was furnished.*" (Emphasis supplied).

The court did not err in denying the appellant's motion for a summary judgment or in granting appellee's motion for such a judgment.

*Judgments affirmed. Hall and Eberhardt, JJ., concur.*