### 51989. MOORE-HANDLEY, INC. v. BANKS.

CLARK, Judge.

Having timely filed a claim of lien upon property owned by defendant, and having timely commenced suit against the contractor, plaintiff materialman sought the foreclosure of its materialman's lien. Following a trial by the court without a jury, the trial judge made the requisite findings of fact and conclusions of law and entered judgment for defendant on the ground that plaintiff waived its right to a lien on defendant's property. From this adverse judgment, plaintiff appealed.

The evidence adduced at trial shows that plaintiff sold materials in the amount of $26,438.44 to Meridian Builders, Inc., the contractor. These materials were used to improve the properties of three individual owners, one of whom was defendant. Although plaintiff kept only one general account for the contractor, the amount of material furnished to each owner could be determined by an examination of the invoices which specified where the materials were delivered.

While the contractor received various sums of money from, and on behalf of, defendant, it never paid plaintiff for the materials which it purchased. However, the evidence shows that on two occasions the contractor's general account was credited for materials which the contractor returned to plaintiff; and that these credits covered materials which were to be used upon the property of defendant and another owner.

1. "When a materialman is furnishing at the same time material to one contractor for the improvement of property belonging to different persons, and has full knowledge of the separate contracts, and money is paid to the materialman by the contractor from time to time on account of the material so furnished, it is incumbent upon the materialman to keep separate accounts and to find out from the contractor on what contract the money is paid, and to what account it should be applied. If he does not do so, but applies the money as a credit on a general account against the contractor, he thereby waives his right to a lien on the owner's property, and must look alone to the contractor. The lien-claimant is presumed to keep his lien in mind; and if he is to seek its enforcement, the law requires him to preserve its unity as a claim against the particular property. If he does not, but so mingles it with other claims as to necessitate a process of separation by the courts, it may well be held that he has waived his lien." *Williams v. Willingham-Tift Lumber Co.,* 5 Ga. App. 533, 535 (63 SE 584); *Grigsby v. Fleming,* 96 Ga. App. 664 (101 SE2d 217); *Building Material Supply Co. v. North,* 116 Ga. App. 348 (157 SE2d 497).

2. "The evidence here is conclusive that the plaintiff materialman in the full course of its business with the contractor had kept only one general running account in reliance on the credit of the contractor and had not kept separate accounts on each job of the contractor as a materialman must do in order to preserve his lien-rights against the property improved. Under such circumstances, the materialman 'must look alone to the contractor.' *Williams v. Willingham-Tift Lumber Co.,* 5 Ga. App. 533, supra. The fact that the account kept by the plaintiff was keyed to invoice numbers from which the material furnished to each job could be segregated is not

sufficient. [Cits.]" *Artistic Ornamental Iron Co. v. Long,* 113 Ga. App. 464, 466 (148 SE2d 478).

3. Plaintiff contends the principles set forth in the *Willingham-Tift* decision are not applicable in the case at bar since there is no "evidence that money paid by the *owners* to the contractor was misappropriated by the materialman to the account owed on another job." *Dye v. Turner Concrete, Inc.,* 119 Ga. App. 78, 79 (166 SE2d 773). We agree that there is no evidence plaintiff misappropriated *money* paid by defendant to the contractor. Nevertheless, we think the *Willingham-Tift* rationale is apropos here because plaintiff credited the contractor's general account when materials which were to be used on defendant's property were returned to plaintiff by the contractor. Compare *Dye v. Turner Concrete, Inc.,* supra; *Golsen v. Magbee Lumber Co.,* 126 Ga. App. 119 (190 SE2d 104).

4. The trial court did not err in ruling that plaintiff waived its right to a lien upon defendant's property.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED APRIL 5, 1976 — DECIDED APRIL 29, 1976 — REHEARING DENIED MAY 28, 1976 — ■

*Jones, Wilson & Tomlinson, John E. Tomlinson,* for appellant.

*Albert A. Roberts,* for appellee.