## 54851. RICKMAN BROTHERS LUMBER & SUPPLY COMPANY v. MARTIN.

SUBMITTED NOVEMBER 3, 1977 — DECIDED NOVEMBER 17, 1977.

*Custer, Smith & Manning, Hansell L. Smith,* for appellant.

*Edwards, Grayson & Cauthorn, Robert J. Grayson,* for appellee.

DEEN, Presiding Judge.

The appellee relies on three cases: *Williams v. Willingham-Tift Lumber Co.,* 5 Ga. App. 533 (63 SE 584); *Artistic Ornamental Iron Co. v. Long,* 113 Ga. App. 464 (148 SE2d 478) and *Moore-Handley, Inc. v. Banks,* 138 Ga. App. 821 (1) (227 SE2d 427). The holding is that where a materialman furnishes goods to a contractor which the latter uses on different jobs "it is incumbent upon the materialman to keep separate accounts and to find out from the contractor on what contract the money is paid, and to what account it should be applied. If he does not do so, but applies the money as a credit on a general account against the contractor, he thereby waives his right to a lien on the owner's property and must look alone to the contractor." These cases further explain that the law requires the claimant to preserve the unity of his claim against particular property, and if he does not "but so mingles it with other claims as to necessitate a process of separation by the courts, it may well be held that he has waived his lien." And in *Building Material Supply Co. v. North,* 116 Ga. App. 348 (157 SE2d 497) it was held that a materialman waives his lien by not keeping separate accounts even though he does not know that third persons other than the contractor own some of the properties involved.

In the present case, the materials for the owner's house were delivered to the contractor Dozier between June 5 and August 31, 1976. On June 5, the date of the first delivery, Dozier owed appellant nothing. After June 5 he made only one payment, in the sum of $1,000, $364.55 of which was allocated by the appellant to the owner's account, and suit brought for the balance. Prior to the hearing on the defendant's motion for summary judgment this allegation was stricken from the complaint, the plaintiff alleging that he has credited $1,000 to the defendant. This is the total of the only payment for material received by the contractor after placing orders relating to Martin's property.

It further appears that the $1,000 was not allocated

to any particular contract by Dozier, but that the appellant did keep track, by invoice numbers in its general ledger, of the type and cost of materials furnished to each job so that it could assemble this information at any time. It further appears that it was not guilty of the practice condemned in *Grigsby v. Fleming,* 96 Ga. App. 664 (101 SE2d 217), of crediting payments to a general account in spite of instructions given by the contractor, or of shifting payment credits to other accounts than the one on which the claim is being made.

In the present case the materialman contends that the defendant owner has had the benefit of materials supplied by it to Dozier and used by him on the defendant's premises; that Dozier has paid the plaintiff a total of only $1,000, and that the plaintiff is crediting this entire sum to the defendant's account. This may or may not be more than the defendant is entitled to have credited but it cannot be less, so the owner is not hurt by receiving the credit. The plaintiff also avoids the practice criticized in the cases above cited of submitting an account in such form that it necessitates a process of separation by the courts.

The amendment to the petition was filed prior to any pre-trial order. It relates back to the date of the original pleading. Code § 81A-115 (c). Its effect is to give the defendant the maximum credit to which he could in any event be entitled. Under these circumstances, which differentiate this case from those cited above, we hold that the materialman did not waive its lien against the owner. The so-called "general account" and the invoice numbers for individual deliveries place no burden on the court but simply serve as a pool from which the plaintiff could assemble its information. To apply the rule of waiver in reverse, as the appellee urges, would result in unjust enrichment to the property owner as a penalty for an internal bookkeeping device of the appellant. Had the amendment not been filed, however, we would have reached an opposite conclusion, since it would not have been possible to tell what part of the $1,000 payment should have been credited to the owner.

The trial court in sustaining the defendant's motion for summary judgment placed its decision solely on the

ruling as to waiver, and for this reason alone the grant of summary judgment to the defendant is reversed.

*Judgment reversed. Webb and Birdsong, JJ., concur.*