## 62358. FOSTER v. WAVERLY HALL UNITED DEVELOPMENT CORPORATION.

BANKE, Judge.

The plaintiff, a construction contractor, sued to recover payments allegedly due from the defendant under a contract for the construction of a nursing home. In addition to seeking a money judgment, the plaintiff also sought to foreclose a lien for labor and materials. This appeal follows a jury verdict in favor of the defendant. *Held:*

1. The evidence did not demand a verdict in favor of the plaintiff. It was undisputed that the defendant had paid the plaintiff the full amount due under the terms of the original written contract. The sums which the plaintiff sought in this suit were allegedly expended pursuant to subsequent oral agreements calling for alterations and additional work. Although the defendant admitted having agreed to some additional work, it introduced evidence which would authorize a conclusion that the plaintiff had been compensated for that work. The defendant's position as to the other additions and modifications was that they had never been authorized.

2. The court did not err in admitting into evidence for impeachment purposes a multi-count federal racketeering indictment charging the plaintiff and other named parties with conspiracy to engage in theft, arson, murder, jury tampering, and drug trafficking. The indictment contained a total of eight counts, only three of which charged the plaintiff with criminal activity. He was properly shown by certified copy of the conviction to have been convicted on each of these counts. He objected to the introduction of the remaining counts of the indictment, arguing that although he was not charged therein, they might give the jury the impression that he had been involved in further criminal misconduct. His request that the court mask these counts was denied.

We do not believe that the potential for prejudice of which the

plaintiff complains would have been any less had the portions of the indictment in question been masked. In fact, to have masked them would undoubtedly have caused the jury to wonder what the additional charges were and how they pertained to the plaintiff, whereas as it was, they could read the additional counts and see that they did not pertain to him. In any event, the charges of which the plaintiff had been convicted involved such a high degree of moral turpitude that he could not have been significantly prejudiced under either procedure.

3. The trial court's query as to whether the plaintiff had pled guilty to the indictment, a question to which he received a negative reply, did not afford grounds for a mistrial. Furthermore, the plaintiff made no motion for mistrial.

4. We cannot consider the plaintiff's contentions that defense counsel made improper comments during opening statements and closing arguments, due to the fact that the opening statements and closing arguments were not transcribed. Although counsel for the plaintiff filed an affidavit purporting to describe the offending remarks, we cannot consider it, as Code Ann. § 6-805 (f) requires that any supplementation or alteration of the trial transcript be made by the trial court following notice and hearing.

5. We cannot agree that the remarks made by defense counsel during cross examination of the plaintiff and his witnesses should have prompted the court to issue a rebuke or to declare a mistrial in the absence of a request for such action. See generally *Phillips v. State,* 230 Ga. 444 (1) (197 SE2d 720) (1973). Although on one occasion counsel for the plaintiff requested the court to direct defense counsel to apologize to the jury, we know of no rule which would require the court to take such action.

6. The jury could reasonably have concluded from the evidence that the plaintiff had not maintained his books of account in such a way as to enable him to identify with accuracy his expenses for labor and materials on the job in question. Thus, the court did not err in instructing the jury that a lien claimant may waive his right to a lien by failing to keep separate records with respect to the work or material going into the property of a particular owner. See *Moore-Handley, Inc. v. Banks,* 138 Ga. App. 821 (1) (227 SE2d 427) (1976). Accord, *Rickman Bros. Lumber &c. Co. v. Martin,* 144 Ga. App. 39 (240 SE2d 308) (1977).

7. The trial court made no improper remarks during the course of the trial which would require a reversal. Although the plaintiff complains of such improprieties on appeal, he made no such objections during the trial, nor did he at any time move for a mistrial.

8. The remaining enumerations of error have been carefully examined and have been determined to be without merit.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

Decided September 9, 1981 —
Rehearing denied September 25, 1981

*R. M. Bernhardt, Thomas S. Fisher,* for appellant.
*Douglas L. Breault, Richard W. Mobley,* for appellee.