## 71768. KELLY v. AMERICAN FEDERAL SAVINGS & LOAN ASSOCIATION.
### (343 SE2d 755)

DEEN, Presiding Judge.

On August 30, 1983, Investment Funding Corp. of Alabama executed a promissory note, secured by real estate in favor of Interfirst Financial, which provided for payment of $2,800,000 plus interest in monthly installments. Appellant Kelly, the president of Investment Funding, executed a guaranty agreement in favor of Interfirst Financial. On that same date, Interfirst Financial transferred and assigned its rights under the note and guaranty agreement to American Federal Savings & Loan Assn. By December 21, 1983, Investment Funding was in default on the note and on February 17, 1984, filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi. American Federal brought suit against Kelly to recover the balance due under the note, pursuant to the guaranty agreement. In his answer, Kelly admitted executing the guaranty agreement but denied any liability to American Federal. On August 9, 1984, American Federal foreclosed on the real property securing the note and purchased it at the foreclosure sale for $1,900,000; credited the proceeds against the outstanding indebtedness; and sought to recover the balance from Kelly in a motion for summary judgment. The motion was granted, and Kelly appeals.

1. From an examination of the parties' briefs there does not appear to be any dispute of the amount of money due. Appellant is simply contending that American Federal is not entitled to summary judgment because there was no evidence presented to the trial court to prove that American Federal complied with the requirements of Mississippi foreclosure law, that issues of fact exist as to whether it would be equitable to enforce a deficiency against Kelly in light of the foreclosure sales price, and that the trial court erred by placing the burden of proof on Kelly in ruling on the motion.

On a motion for summary judgment, the movant carries the burden of proving that there are no genuine issues of fact requiring jury resolution and that he is entitled to judgment as a matter of law. *Holman Motor Co. v. Evans*, 169 Ga. App. 610, 612 (314 SE2d 453) (1984). "When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made, but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. [Cits.]" *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 566 (307 SE2d 99) (1983). The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or

suffer judgment against him. *Skinner v. Humble Oil &c. Co.,* 145 Ga. App. 372 (243 SE2d 732) (1978). "[I]f the defenses set up in an answer are pierced by the plaintiff's affidavits and the defendant fails to respond with specific facts showing a genuine issue for trial, summary judgment is properly granted." *Soni v. Coppedge,* 159 Ga. App. 889, 890 (285 SE2d 604) (1980).

2. The trial court correctly ruled: "Since the land involved in the foreclosure sale is not in Georgia, no confirmation proceeding is required by Georgia law." Georgia's confirmation statute, OCGA § 44-14-161 (formerly Code Ann. § 68-1503), applies only to foreclosure sales which take place in Georgia. *Tally v. Atlanta Nat. &c. Trust,* 146 Ga. App. 585, 588 (246 SE2d 700) (1978). Thus, the obtention of a deficiency judgment in a Georgia court against owners of foreclosed property after a foreclosure in another state is governed by the laws of the state where the foreclosure occurred. If confirmation is not required under that state's law, it is not required in Georgia. *Federal Deposit Ins. Corp. v. Hoover-Morris Enterprises,* 642 F2d 785 (5th Cir. 1981). Mississippi law does not require confirmation proceedings as a prerequisite to obtaining a deficiency judgment against either the owners of the property or a guarantor of the debt.

Appellant does not contend that the foreclosure sale price ($1,900,000) was inadequate; he merely contends that under the Mississippi law "no right to a deficiency judgment vests until plaintiff satisfies equity that it would be equitable, in the light of the sale price, to authorize a deficiency judgment." *Mississippi Valley &c. Ins. Co. v. Horne Constr. Co.,* 372 S2d 1270, 1272 (Miss. 1979). Under Mississippi law, the foreclosure sale is presumed to be valid. The debtor bears the burden of showing it was invalid. *Myles v. Cox,* 217 S2d 31 (Miss. 1968).

Supporting the motion for summary judgment is the affidavit of Patricia M. Berg, Vice-President of Real Estate Development & Finance for American Federal Savings & Loan Assn. Ms. Berg states that the information contained in the affidavit is based upon her personal knowledge. She states that the sale was valid based on her personal knowledge and "as evidenced by the deed under the power of sale . . . attached hereto as Exhibit 'A.' " The deed clearly establishes the fact and terms of the sale. The exhibit also includes the notice of the sale and evidence of the dates of publication. Appellant has not presented any evidence in opposition to the Berg affidavit or to counter the presumption that the sale was valid, although he bears the burden of such proof under the holding in *Myles v. Cox,* supra.

As to his argument that the plaintiff must satisfy equity that it would be equitable in light of the sales price to authorize a deficiency judgment, he makes no argument in the court below or in this court that the proceeds from the sale were not credited toward the indebt-

edness or that the foreclosure sale price was less than the fair market value of the property. The Berg affidavit shows that the sale price was in excess of the appraised value of the property by $300,000; that the copy of the appraisal report attached as an exhibit was a part of the plaintiff's ordinary business record; and that the copy was an accurate copy of the original. This evidence is also uncontroverted. Moreover, the court below correctly found that there are no facts alleged which dispute the adequacy of the foreclosure sale price.

3. The trial court did not apply an incorrect legal standard in ruling on the motion for summary judgment. The court pointed out that "[p]laintiff is entitled to a deficiency judgment where the defendant has failed to show grounds for setting aside the foreclosure sale." This statement does not indicate that the court applied an erroneous legal standard or erroneously shifted the burden of proof. The plaintiff presented evidence establishing a *prima facie* case of entitlement to collect the deficiency under the guaranty agreement. Kelly presented no evidence. He did not contest the amount of the debt, the validity of the foreclosure, or the adequacy of the sales price, or claim that the plaintiff acted improperly in any way. Thus, he failed to meet his burden of rebutting the plaintiff's *prima facie* case. Accordingly, the trial court did not err in granting summary judgment against him.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED MARCH 19, 1986 —
REHEARING DENIED APRIL 2, 1986 — 

*Frederick L. Wright II, Fredric W. Stearns*, for appellant.
*G. William Long III, Theodore E. Day, Jr.*, for appellee.