75578. COLEMAN v. McDONALD'S CORPORATION.
(365 SE2d 282)

SOGNIER, Judge.

McDonald's Corporation brought suit on a promissory note against Roscoe Coleman, a former franchisee. Coleman answered and counterclaimed for breach of contract and fraud. The trial court granted summary judgment in favor of McDonald's on both the main claim and the counterclaim, and Coleman brings this appeal.

The record reveals that in 1983 appellee entered into an agreement with appellant to repurchase his southeast Atlanta franchise, which had lost approximately $90,000. Under the terms of the agreement, appellant was to be paid $317,000, which was placed in escrow for payment to certain creditors of appellant. Appellant also borrowed $50,000 from appellee, which was likewise placed in the escrow account. To evidence this, he signed a secured promissory note. The

actual purchase and sale agreement provided, inter alia, a priority list for the payment of appellant's creditors to the extent the sales proceeds were sufficient. The purchase and sale agreement also included the following provision: "[Appellee] shall use its best efforts to obtain full and absolute releases from any and all creditors of [appellant], not paid in full, but in the event such releases cannot be obtained, then [appellant] shall continue to be legally responsible for any deficiency payment."

The evidence is undisputed that appellant made no payments on the promissory note, despite proper demand by appellee. However, appellant contends appellee was not entitled to the summary judgment granted it by the trial court because genuine issues of material fact remain as to what efforts, if any, appellee used to obtain full and complete releases from appellant's creditors. First, we note that appellant's pleadings do not raise this issue. Instead, the answer and counterclaim allege that appellee was required by the agreement to pay off appellant's creditors, and that it had not done so. However, as appellant now notes in his brief on appeal, the agreement did not require appellee to "pay off" appellant's creditors, but only to use the escrow funds to pay creditors according to the priority list, and to use its best efforts to obtain releases from those creditors not paid in full. Second, appellant produced no evidence to rebut the affidavit of appellee's vice president who stated on personal knowledge that the funds in escrow were used to pay appellant's tax liabilities and obligations to appellee; that the amount in escrow was not sufficient to pay all creditors of appellant; and that appellee had not represented that it would do so. " 'When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made, but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. [Cits.]' [Cit.] The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him. [Cit.] '(I)f the defenses set up in an answer are pierced by the plaintiff's affidavits and the defendant fails to respond with specific facts showing a genuine issue for trial, summary judgment is properly granted.' [Cit.]" *Kelly v. American Fed. Savings &c. Assn.*, 178 Ga. App. 542-543 (1) (343 SE2d 755) (1986). Appellee's unrebutted evidence having successfully pierced appellant's allegations, the trial court did not err by granting summary judgment to appellee.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 25, 1988.

*Bobby L. Giddens*, for appellant.
*Elizabeth J. Mallory, F. Steven Starling*, for appellee.