## A89A0465. PHILLIPS v. PLYMALE.
(381 SE2d 580)

SOGNIER, Judge.

D. Buck Plymale Jr. brought suit against Cynthia G. Phillips on a promissory note. Phillips answered and filed motions to dismiss and

to implead a third party, which were denied by the trial court. Plymale then filed a motion for summary judgment, which was granted, and Phillips appeals.

The record reveals that in April 1985 appellant purchased undeveloped property from appellee and signed a promissory note secured by a deed to secure debt. In November 1985 appellant sold the property to Double Development, Inc., which assumed payment of appellant's note to appellee. After that sale, Double Development and appellee entered into an agreement subordinating the assumed note to a $2.5 million construction loan note from Double Development to the First National Bank of Louisville, which was secured by the same property. When Double Development defaulted on the note to appellee, appellee sought payment from appellant, claiming she was still liable on the original note. After several demands, and after this action had been filed, a check in the amount of $17,705 was tendered by appellant's husband as partial payment on the note, but it was returned by the bank for insufficient funds.

1. Appellant contends the trial court erred by granting summary judgment in favor of appellee because issues of fact remain as to the status of the note after the resale. Appellant argues that the subordination agreement was entered into by appellee and Double Development without appellant's knowledge or consent, and that because she was not a party to the subordination agreement, it effected a novation of the original note. We do not agree. Appellant's claim that the subordination agreement was entered into without her knowledge and consent is belied by the record. The contract between appellant and Double Development for resale of the property specifically stated in its special (typewritten) clauses that the sale was "contingent on assumption of first note to [appellee] by buyer" *and* "contingent of (sic) first note being subordinated to construction loan." Since appellant signed that contract, her claim that she knew nothing of the subordination agreement is, at best, disingenuous.

While we agree with appellant that the subordination agreement affected her interest because it diminished appellee's security, we do not agree that Double Development's assuming payment of appellant's note to appellee relieved her of primary liability on the note. " '(M)ere acceptance by the obligee of performance by the assignee, or substituted obligor, of the contract is not sufficient to establish novation in the absence of words or conduct tending to show an intention or agreement on the part of the obligee to release the original obligor and extinguish his liability.' [Cit.]" *Worth County Indus. &c. v. Lehigh Valley Indus.*, 183 Ga. App. 634, 636-637 (1) (359 SE2d 707) (1987). Appellee was not a party to the resale of the property, and appellant has shown nothing to indicate that appellee intended or agreed to release her from her primary obligation on the promissory

note when it was assumed by Double Development.

"On a motion for summary judgment, the movant carries the burden of proving that there are no genuine issues of fact requiring jury resolution and that he is entitled to judgment as a matter of law. [Cit.] . . . The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him. [Cit.]" *Kelly v. American Fed. Savings &c. Assn.*, 178 Ga. App. 542-543 (1) (343 SE2d 755) (1986). The record shows appellee proved a prima facie case by showing that appellant signed the promissory note and was now in default. As we have found no merit in the issues raised by appellant in rebuttal, the trial court did not err by granting summary judgment in favor of appellee. See generally *Coleman v. McDonald's Corp.*, 185 Ga. App. 628 (365 SE2d 282) (1988).

2. Appellant also asserts the trial court erred by denying her motion to add Double Development as a third party defendant. Appellant did not seek to bring in Double Development within ten days after serving her answer, and thus was required to obtain leave of court to do so pursuant to OCGA § 9-11-14 (a). The grant or denial of that motion was thus in the discretion of the trial court. Given the fact that Double Development was then in bankruptcy proceedings and any action against it would have been automatically stayed, allowing appellee to go forward only against appellant; and that OCGA § 9-11-56 permits the trial court to grant summary judgment as to part of a case as well as all, nothing would have prevented the trial court from entering summary judgment against appellant even had her motion to implead Double Development been granted. Accordingly, even assuming the trial court's denial of appellant's motion to bring in Double Development was error, it was harmless, and it is well established that "[t]o warrant reversal, alleged error must be harmful. [Cit.]" *Black & White Constr. Co. v. Bolden Contractors*, 187 Ga. App. 805, 806 (1) (371 SE2d 421) (1988).

3. Appellee has moved this court to award damages against appellant for bringing a frivolous appeal. We agree with appellee that this appeal was brought for purposes of delay only, and award appellee an additional 10 percent damages pursuant to OCGA § 5-6-6.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 14, 1989.

*Robert J. Hipple, Thomas A. Soderberg*, for appellant.
*Cashin & Davis, Johann R. Manning, Jr.*, for appellee.