A89A0695. DOUG HOWLE'S PACES FERRY DODGE, INC. et al. v. CHRYSLER CREDIT CORPORATION.
A89A0696. CHRYSLER CORPORATION et al. v. DOUG HOWLE'S PACES FERRY DODGE, INC. et al.
A89A0697. DOUG HOWLE'S PACES FERRY DODGE, INC. et al. v. CHRYSLER CREDIT CORPORATION et al.
(382 SE2d 364)

DEEN, Presiding Judge.
In July of 1981 L. D. "Doug" Howle (Howle) and a business associate (not a party to the instant appeals) obtained a franchise from the Chrysler Motors Corporation (Chrysler Motors) to sell Chrysler-produced vehicles at a location in the Buckhead area of Atlanta under

the name "Doug Howle's Paces Ferry Dodge, Inc." According to industry custom Howle (acting in his capacity as dealer) made arrangements with Chrysler Credit Corporation (CCC) for "floor-plan" financing of the vehicles; i.e., to provide financing of the vehicles between delivery from Chrysler Motors and sale to the consumer. The property on which the dealership was located had originally been owned by Chrysler but had been sold to a third party, from whom Howle and his associate purchased it and in turn sold it to an investment partnership in which Howle had an ownership interest, and from which Howle and the associate took back a long-term lease.

In 1985 the dealership was showing a loss for the second consecutive year and had also fallen behind by some $350,000 in its obligations to CCC. In the latter part of that year negotiations began for recapitalization of the dealership, for Howle to buy out his associate, and for the latter to be released from his personal guaranties.

At some time before April 1986 Chrysler obtained control of the business site in exchange for part of the financing. In the meanwhile, an inventory audit of the dealership revealed that the debt owed to CCC had increased, and a demand was made that the dealership turn over to CCC the title documents to the vehicles which served as security under the "floor plan" financing arrangement. At this time Howle allegedly asked CCC's manager whether his credit line were being canceled, and the manager allegedly replied that it was not. There is evidence of record that the credit line was actually canceled briefly, for a period of one to six days, depending on whether business days or calendar days are counted. The manager subsequently denied any knowledge of the temporary cancellation.

The recapitalization was achieved in April of 1986, but the dealership nevertheless continued to do badly; Howle alleged that the reason was that Chrysler Motors was shipping insufficient or inappropriate inventory. Howle allegedly sought assistance both from Chrysler (or Chrysler Motors) and from CCC; all allegedly refused to aid him in finding relief from his problem. On August 25, 1986, CCC filed a complaint against Howle and the dealership in the Fulton Superior Court, alleging in Count I that the defendants owed nearly a quarter of a million dollars under the "floor plan" agreement and, in Count II, that a slightly larger amount was also due. CCC sought a writ of possession. On August 27 Howle (hereinafter used to mean both Howle and, where appropriate, the dealership) moved for a temporary restraining order. On August 29 the court entered an order forbidding Howle to transfer to himself "in any fashion" any proceeds of vehicles in which CCC had a perfected security interest; i.e., vehicles, fixtures, accounts and other intangibles, and all other property (or proceeds thereof) included in the security agreement, the master credit agreement, and/or the wholesale financing agreement. On that same date

plaintiff amended its complaint to allege conversion and breach of obligation (waste, neglect of duties, and default); more than $3,000,000 was sought on these counts.

On September 5, 1986, Howle moved to dismiss the action and on September 8 filed an answer and counterclaim. On September 16 the trial court granted CCC a writ of possession, and on September 29 granted Howle's motion to add as defendants in counterclaim Chrysler, Chrysler Motors, and Gary Bland, CCC's local manager. Howle's motion to dismiss was denied December 19, and on January 14, 1987, CCC's motion to add as a defendant the First National Bank of Atlanta (where Howle had deposited in his personal account funds allegedly derived from the dealership) was granted. The bank is not a party to the instant appeals.

In the Spring of 1987 the court permitted the addition, as a party to the action, of Howle's wife, Carol, in whose name the Howle residence was titled and who had obtained a mortgage on the same in the course of the effort to recapitalize the dealership. During that same period Chrysler Motors moved for summary judgment and Chrysler for partial summary judgment. In September Howle and the dealership moved for partial summary judgment on CCC's conversion and breach of obligation claims.

In November 1987 the trial court entered the following order on Chrysler Motors' and Chrysler's motions for summary judgment and partial summary judgment: (1) Chrysler's motion based on its assertion that it was not a party to the 1981 franchising agreement or the 1986 amendment thereto was denied (the corporations in the interim had undergone certain restructuring and changes in nomenclature); (2) Chrysler and Chrysler Motors' joint motions as to all claims advanced by Howle as an individual were denied; (3) Chrysler and Chrysler Motors' joint motion as to all claims based on alleged violations of the Georgia Motor Vehicle Franchise Practices Act, OCGA § 10-1-620 et seq., was also denied. In December 1987 Howle's motion for partial summary judgment on Counts V (conversion) and VII (apparently a typographical error for Count VI, breach of obligation: neither the original complaint nor either of its two amendments includes a Count VII) was denied.

On February 9, 1988, the trial court denied certain portions of motions having to do with sufficiency of answers and admissibility of certain evidence, primarily affidavits. On March 4 the court entered an order denying all but one part (the alleged refusal to honor Howle's franchise and to permit him to obtain a foreign car franchise) of appellees Chrysler's and Chrysler Motors' motions for summary judgment on Count I of Howle's counterclaim, which counts consisted of such allegations as conspiracy, interruption of the credit line, refusal to permit expansion, etc. In the same order the trial court also

denied appellees' motion for summary judgment on Count II of the counterclaim (fraudulent misrepresentation and fraudulent acts during the recapitalization transaction); granted partial summary judgment on Count II (interference in Howle's home mortgage arrangements and relationships with CCC); and granted summary judgment on the remaining counts of the counterclaim.

On March 21, 1988, the trial court awarded Chrysler and Chrysler Motors summary judgment on all claims based on the federal Automobile Dealers' Day in Court Act (15 USC §§ 1221-1225); granted the motions of CCC and its manager as to five counts of the amended counterclaim against CCC and its manager (Count I, bad faith; Count II, conspiracy; Count III, tortious interference with contract; Count IV, bad faith and stubborn litigiousness; Count VI, conversion and breach of certain agreements); and denied the joint motion for summary judgment of CCC and its manager with respect to non-collateral personal property. On April 20, 1988, the court denied Howle and the dealership's motion for reconsideration of the March 21 order, supra, and the instant appeal followed. In each case the appellants assign as error the trial court's rulings on the above-cited motions.

In Case No. A89A0695 the following errors were enumerated: (1), (2), (3), (4), (6) the trial court erred in granting summary judgment on Counts V, VI, VII, IX, and IV, respectively, of the counterclaim; (5) the court erred in granting partial summary judgment on Count I of the counterclaim; and (7) the court further erred in dismissing appellants' claims under Count VIII of the counterclaim.

Enumerated as error in Case No. A89A0696 are (1) the trial court's failure to grant summary judgment to Chrysler and Chrysler Motors on all claims under the Georgia Motor Vehicle Franchise Practices Act, on the basis that the Act cannot constitutionally be applied under the facts of the case; (2) the trial court erred in failing to grant summary judgment on all claims under the Act because the Act allegedly seeks to impair contractual obligations and is therefore facially unconstitutional; (3) the court erred in denying summary judgment on all claims against Chrysler because the latter had not injured the defendants; (4) the court erred in denying summary judgment on all claims asserted by Howle individually because the latter lacked standing to assert them.

Eight errors were enumerated in Case No. A89A0697: The court erred in ruling as it did on those counts of the counterclaim dealing with evidentiary matters (enumerations 6, 7); the court erred in granting summary judgment on all claims asserted under the Automobile Dealers' Day in Court Act (enumeration 8); and the court further erred in granting summary judgment on certain counts of the counterclaim enumerated as errors 1-5.

We note that in addition to the briefs and supplemental briefs filed by the parties in these three cases, the Georgia Automobile Dealers Association has filed an *amicus curiae* brief on behalf of the appellees in Case No. A89A0696. *Held*:

The essence of summary judgment, OCGA § 9-11-56 (c), is that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." In order to counter a properly supported motion for summary judgment, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." OCGA § 9-11-56 (e).

Applying this standard to the multiple motions for summary judgment or partial summary judgment filed by the various parties to these protracted, complicated, and bitterly contested cases, we find that there is sufficient competent evidence to support the trial court's rulings on summary judgment and partial summary judgment under the controlling statute, supra. In Case No. A89A0695 the record reveals that in all but four instances the movants failed to pierce the opposing parties' allegations and show the non-existence of a genuine issue of material fact. OCGA § 9-11-56 (c); *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442) (1962). Thus they did not merit an award of summary judgment (except in the four particulars noted). Therefore, we find no error in the trial court's denial of summary judgment on all except those four portions of the motions.

Likewise, in Case No. A89A0696, the record indicates that Chrysler and Chrysler Motors failed to meet the statutory requirements for summary judgment either on their claims regarding the constitutionality *vel non* of the Georgia Motor Vehicle Franchise Practices Act or on their claims regarding proper parties. Denial of the motions on these claims was therefore proper, and none of the four enumerations has merit.

In Case No. A89A0697 we find no error in the court's rulings in favor of CCC and against Howle on the parts of their motions which deal with evidentiary matters (Enumerations 6, 7). The affidavits of record meet the requirements of competency, specificity, and personal knowledge. OCGA § 9-11-56 (e). We likewise find authority in the record for the award of summary judgment on Counts I-IV and VI of Howle's counterclaim (Enumerations 1-5), inasmuch as no genuine issue of material fact inheres in these allegations. The same is true of the claims based on the federal Automobile Dealers' Day in Court Act (Enumeration 8).

*Judgments affirmed. Birdsong and Benham, JJ., concur in the judgments only.*

Decided May 1, 1989 —
Rehearings denied May 15, 1989 — 

*Grizzard, Simons, Martin & Wills, Warren W. Wills, Jr., Dale C. Ray, Jr., Lloyd H. Thomas III*, for Doug Howle et al.

*Alston & Bird, Michael A. Doyle, J. Kennard Neal*, for Chrysler Corp. & Chrysler Motors Corp.

*Greene, Buckley, DeRieux & Jones, Gregory J. Digel, F. Taylor Putney*, for Chrysler Credit Corp.