A90A0793. RYDER FREIGHT SYSTEMS, INC. et al. v. WILLIAMS.
(397 SE2d 152)

SOGNIER, Judge.

Alvis Eugene Williams brought suit against Ryder Freight Systems, Inc., as successor in interest to his employer, Interstate Contract Carrier Corporation (ICCC), and against Ryder Services Corporation and Continental Insurance Company to recover personal injury

protection (PIP) under an automobile insurance policy issued to ICCC by Continental for injuries Williams sustained while repairing a truck provided by his employer. We authorized the defendants' interlocutory appeal from the denial of their motion for summary judgment.

The parties agree that appellee was employed as a truck driver by ICCC and Linda Elam, who is not a party to this action. Appellee was injured on February 27, 1985 while repairing the headlight on the truck assigned to him. After settling his workers' compensation claim and executing a release, he then brought this action to recover PIP benefits either from appellant Ryder Freight under its program of self insurance appellee alleged was maintained or pursuant to the automobile insurance policy issued by appellant Continental to ICCC for the relevant time period.

1. Appellants contend the trial court erred by denying their motion for summary judgment because the evidence clearly established that the truck was owned by Elam, not by ICCC or any other appellant, and the Continental policy issued to ICCC provided PIP benefits only for vehicles owned by ICCC. We agree and reverse.

First, there is no material dispute that appellant Ryder Freight and its predecessor, ICCC, did not own the truck. Appellants presented the affidavit testimony of John Hill, a Continental adjuster, who testified that the vehicle in question was owned by Elam, not by ICCC. In addition, during his deposition appellee testified in response to questions from his counsel that Elam owned the truck and leased it to ICCC. Although appellee stated in his brief filed in opposition to appellants' summary judgment motion that he would provide evidence to contradict appellants' proffered evidence on the ownership issue, there is no indication that any such evidence was filed with the trial court. " 'On a motion for summary judgment, the movant carries the burden of proving that there are no genuine issues of fact requiring jury resolution and that he is entitled to judgment as a matter of law. (Cit.) . . . The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him. (Cit.)' [Cit.]" *Phillips v. Plymale*, 191 Ga. App. 338, 340 (1) (381 SE2d 580) (1989). As appellants presented a prima facie case on the only disputed factual issue, the ownership of the truck, and appellee failed to present any rebuttal evidence, we find the trial court erred by concluding that a material factual dispute remained.

Second, contrary to appellee's assertions, there is no dispute that appellants neither provided nor were required to provide PIP coverage for the truck. The Continental policy, which was attached to Hill's affidavit, unequivocally stated that PIP benefits were provided

"[o]nly [for] those autos [ICCC] own[s] which are required to have No-Fault benefits in the state where they are licensed or principally garaged." Georgia law requires that the minimum no-fault coverages, including PIP coverage, be provided by the vehicle owner. OCGA § 33-34-4 (a); *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693-694 (353 SE2d 186) (1987). Because the responsibility for providing no-fault insurance in Georgia rested with Elam, the vehicle owner, not with ICCC, the truck clearly was not covered by the Continental policy, and as a matter of law there is no PIP coverage required to be provided by appellants against which appellee could recover on the claim at issue. Accordingly, appellants are entitled to summary judgment.

2. As a result of our ruling in Division 1, we need not consider appellants' remaining enumeration of error.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 5, 1990.

*McLain & Merritt, Howard M. Lessinger,* for appellants.
*John W. Folsom, McDaniel, Bodker, Ramsey & Andrews, John R. Gaughen,* for appellee.